# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE FREEMAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 22-cv-3518** |
| | : | |
| **ALLENTOWN SCHOOL DISTRICT,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**Judge Joseph F. Leeson, Jr.**                                      **December 12, 2022**
**United States District Judge**

      Plaintiff Denise Freeman, proceeding *pro se*, brings this action against the Allentown

School District.  Currently before the Court are Freeman's Complaint (ECF No. 2) and her

Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).  Freeman also filed several pages

worth of Exhibits (ECF Nos. 4, 5, & 6) in this matter.  Because it appears that Freeman is unable

to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*.  For

the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  FACTUAL ALLEGATIONS[1]

      Freeman resides in Allentown, Pennsylvania, where her thirteen-year-old granddaughter[2]

attends middle school in the Allentown School District.  The first several pages of Freeman's

Complaint consist of the Court's standard form general complaint available on the Court's

---

[1]  The facts set forth in this Memorandum are taken from Freeman's Complaint (ECF No. 2), and
all the documents and exhibits attached thereto.

[2]  Throughout the Complaint Freeman refers to this thirteen-year-old girl as both her child and
her grandchild, using these terms interchangeably.  For ease of reference, the Court refers to the
thirteen-year-old girl as Freeman's granddaughter throughout this Memorandum.

website.  While these pages contain a caption, name the Allentown School District as a

Defendant, and bear the title "Complaint" (*see* Compl. 1-5),[3] it appears that Freeman does not

actually intend to sue the Allentown School District.  (*See, e.g.*, *id*. at 4) ("I am not trying to

sue[.]"); (*id.* at 12) ("My objective is restoration not seeking to sue the school but seeking a

healthy well rounded child . . . ").

Unlike the typical complaint filed in a civil action, however, the next eleven pages of

Freeman's Complaint are styled as a letter dated August 14, 2022 directed "To the Honorable

Judges of the United States District Court" with the subject line "Re: Concerned with the Health

and Welfare of my child[.]"  (Compl. at 6.)  This letter cites 18 U.S.C. § 3509 at the outset and

then details a substantial portion of Freeman's granddaughter's educational history, as well as the

personal history of several other members of Freeman's family, including Freeman's own

background.  (*Id.* at 6-16.)  Freeman sets forth significant details regarding behavioral and

personality changes her granddaughter apparently experienced during fourth grade, which

Freeman attributes to the treatment her granddaughter received by her teacher that year.  (*Id.* at

9-13.)  Freeman also recounts her desire for, and her attempts to obtain, counseling and other

services for her granddaughter.  (*Id.* 7, 12-16.)  Attached to Freeman's August 14, 2022 letter is a

letter dated September 18, 2019 along with several of her granddaughter's school progress

reports and report cards.  (*Id.* at 17-43.)  The September 18, 2019 letter was previously filed with

this Court as the Complaint in *Freeman v. Allentown Sch. Dist.*, No. 19-4336, 2019 WL 4805224

(E.D. Pa. Oct. 1, 2019).  That case was dismissed without prejudice for failure to comply with

Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim.  *Id.* at *3.

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

The Court will grant Freeman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Freeman is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and

the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

Freeman's Complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a claim pursuant to § 1915(e)(2)(B)(ii).  Although the caption on her Complaint names the Allentown School District as a Defendant in this action, the remainder of Freeman's document fails to set forth any facts which explain how the Allentown School District or any other individual or entity is liable to her, nor does she articulate any requests for legal relief.  To the contrary, Freeman explicitly disclaims any desire to sue the School District and instead

appears to be alerting the Court to concerns about her grandchild and the circumstances of her grandchild's education and her desire to obtain social services for her.

The Court has carefully reviewed the assertions set forth in the Complaint, and even under the most liberal construction, the Complaint's language does not present cognizable legal claims to which a defendant can respond on the merits. *Garrett*, 938 F.3d at 94. The Court is cognizant of its duty to construe *pro se* pleadings liberally and recognizes that such pleadings should be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Where a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also United States v. Peppers*, 482 F. App'x 702, 704 (3d Cir. 2012) (*per curiam*) (observing that "[w]hile a court must construe a pro se litigant's pleadings liberally, … it need not act as [her] advocate[.]") (citations omitted). The Court should not attempt to rewrite the pleadings to include claims that were never presented, nor must the Court "explore exhaustively all potential claims of a *pro se* plaintiff[.]" *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). In this instance, despite a liberal reading, the Court simply cannot reasonably construe Freeman's Complaint to state a plausible claim on which she could prevail, and the Court therefore cannot allow this case to proceed.[4]

---

[4]     The Court notes that this action represents the eighth action that Freeman has filed in this District naming either the Allentown Board of Education or the Allentown School District as the sole Defendant since 2010. Much like the present matter, nearly all of these prior actions appear

_____

to be attempts to share with the Court Freeman's general concerns regarding the education of various children for whom she is responsible.  None of these cases have set forth a cognizable legal claim, sought relief that is legal in nature, or required the Court to resolve a legal dispute between Freeman and the Allentown School District.  Nearly all of these cases appear to seek records or other relief that could only be obtained by making such requests directly to the School District or a social service agency, rather than the Court.

Moreover, each of these cases has been dismissed pursuant to 28 U.S.C. § 1915.  *See, e.g.*, (1) *Freeman v. Allentown Bd. of Educ.*, Civ. A. No. 10-676 (ECF No. 2, Mar. 18, 2010) (dismissal pursuant to 28 U.S.C. § 1915(e) where complaint form was blank and therefore failed to state a basis for federal subject matter jurisdiction or a plain statement of the claim showing entitlement to relief); (2) *Freeman v. Allentown Sch. Dist.*, No. 11-2408, 2011 WL 1598980, at *2 (E.D. Pa. Apr. 28, 2011) (dismissal with prejudice pursuant to § 1915(e) for failure to state a claim where Freeman made general allegations that her then eighteen-year-old daughter did not receive adequate academic support to ensure she earned a good grade); (3) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 14-1944 (ECF No. 3, Apr. 10, 2014) (dismissal without prejudice for failure to provide sufficient financial information for court to consider her motion to proceed *in forma pauperis* with respect to a complaint seeking to allege general educational concerns regarding Freeman's then ten-year-old daughter, her progress in school and her placement in accelerated versus regular classes); (4) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 15-59 (ECF No. 2, Jan. 14, 2015) (dismissal of Freeman's complaint with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i) and finding that there was no legal basis for the claims where Freeman complained about failing to receive school records in a timely manner pertaining to her then six-year-old daughter, and further complained of general dissatisfaction with her daughter's kindergarten report card); (5) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 17-4142 (ECF No. 2, Oct. 4, 2017) (dismissal without prejudice under § 1915(e)(2)(B)(i) where Freeman sought "protection from harm to [her] children in the educational system"); (6) *Freeman v. Allentown Sch. Dist.*, No. 18-5093, 2018 WL 6258598 (E.D. Pa. Nov. 29, 2018) (dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim where Freeman's complaint discussed general concerns regarding the declining school performance of her then fifteen-year-old daughter, as well as a jaw injury, finding that the Court could not discern any clear basis for legal relief in the filing); and (7) *Freeman v. Allentown Sch. Dist.*, No. 19-4336, 2019 WL 4805224, at *1-*2 (E.D. Pa. Oct. 1, 2019) (dismissing Freeman's complaint for failure to comply with Rule 8 and failure to state a claim under § 1915(e)(2)(B)(ii) where Freeman sought relief in the form of knowing the child's placement in advanced classes in school and receiving test results for a state test administered to the child).

The "All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to, among other things, restrict the access to federal courts of parties who repeatedly file frivolous litigation." *Mallon v. Padova*, 806 F. Supp. 1189, 1192-93 (E.D. Pa. 1992) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.), *cert. denied*, 498 U.S. 806 (1990).  As set forth above, Freeman's filing history in this District is troublesome.  In 2019, the Court previously put Freeman on notice that if she continued file new cases of the same or a similar nature against the Allentown School District without alleging a cognizable legal claim, the Court may be forced to restrict Freeman's future access to the Court and subject Freeman to a pre-filing injunction, after the Court first provides Freeman with notice and an opportunity to be heard.  *See Freeman*, 2019 WL 4805224, at *2, n.3.  It has been over three years since that initial warning, and the instant

Accordingly, Freeman's Complaint will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

As the Court cannot discern any cognizable basis for a claim from Freeman's filing, and as the filing fails to comply with the Rules of Civil Procedure, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.[5]  This Court is cognizant that "[i]n pro se civil rights actions, 'plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint,' and district courts must inform those plaintiffs that they have 'leave to amend within a set period of time, unless amendment would be inequitable or futile.'" *See Lieberman v. Lowes Home Improvement*, No. 21-2440, 2022 WL 964009, at *2 (3d Cir. Mar. 30, 2022) (quoting *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 111 (3d Cir. 2002)).  In this instance, the Court concludes that leave to amend would be futile based on Freeman explicitly disclaiming any desire to sue the Allentown School District in combination with Freeman's extensive history of bringing similar lawsuits which fail to state cognizable legal

---

matter is the only action Freeman has filed since being cautioned by the Court.  Accordingly, the Court will not subject Freeman to a pre-filing injunction at this time, but instead the Court will remind Freeman that any future filings must allege a cognizable legal claim within the Court's jurisdiction in order for her to obtain relief.  The Court is sympathetic to Freeman's attempts to precure social services for her granddaughter, but unfortunately the Court cannot provide her with such services or any assistance in obtaining them.

[5] Freeman references 18 U.S.C. § 3509, which sets forth the rights of child victims and child witnesses in federal criminal matters.  However, § 3509 does not provide Freeman with a private cause of action.  *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Humphries v. Newman*, No. 18-2936 (JMC), 2022 WL 612657, at *5 (D.D.C. Mar. 2, 2022) (no private cause of action under § 3509), *aff'd*, No. 22-7043, 2022 WL 3449226 (D.C. Cir. Aug. 11, 2022) (*per curiam*).

claims within the Court's jurisdiction.  Accordingly, the dismissal of Freeman's Complaint will be with prejudice.[6]  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[6] However, to the extent Freeman is raising claims based on any injuries suffered by her granddaughter, Freeman lacks standing, as she may not raise claims based on injuries sustained by another.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).  Accordingly, any claims Freeman purports to bring on behalf of her granddaughter will be dismissed without prejudice.